**No. 23-1850**

In the

# United States Court of Appeals
## For the Fourth Circuit

———————————

HONEYWELL INTERNATIONAL INC.; HAND HELD PRODUCTS, INC.; METROLOGIC INSTRUMENTS, INC.,

*Plaintiffs-Appellants,*

v.

OPTO ELECTRONICS CO., LTD.,

*Defendant-Appellee.*

———————————

On Appeal from the United States District Court
for the Western District of North Carolina
Case No. 3:21-cv-506-KDB-DCK

———————————

**UNOPPOSED MOTION TO HOLD APPEAL IN ABEYANCE PENDING RESOLUTION OF POST-TRIAL MOTION**

———————————

Brian D. Schmalzbach
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
bschmalzbach@mcguirewoods.com

*Counsel for OPTO Electronics Co., Ltd.*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. 23-1850          Caption: Honeywell International Inc., et al. v. OPTO Electronics Co., Ltd.

Pursuant to FRAP 26.1 and Local Rule 26.1,

OPTO Electronics Co., Ltd.
(name of party/amicus)

who is _____ appellee _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☑ YES ☐ NO

2. Does party/amicus have any parent corporations?                              ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                                   ☐ YES ☑ NO
   If yes, identify all such owners:

4.      Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?      ☐YES ☑NO
        If yes, identify entity and nature of interest:

5.      Is party a trade association? (amici curiae do not complete this question)      ☐YES ☑NO
        If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.      Does this case arise out of a bankruptcy proceeding?      ☐YES ☑NO
        If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7.      Is this a criminal case in which there was an organizational victim?      ☐YES ☑NO
        If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Brian D. Schmalzbach          Date:      9/8/2023

Counsel for: OPTO Electronics Co., Ltd.

Defendant OPTO Electronics Co., Ltd. ("OPTO") respectfully requests that the Court hold this appeal in abeyance until the District Court resolves OPTO's pending post-trial motion, with the parties to provide a status update after the resolution of that post-trial motion. *See* Fourth Circuit R. 12(d). Plaintiffs-Appellants are unopposed to the relief sought in this motion.

Following a jury trial, the District Court entered judgment on July 20, 2023. Plaintiffs-Appellants filed a notice of appeal from that judgment on August 14, 2023. On August 17, 2023, OPTO timely filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 and, in the alternative, for a new trial under Rule 59. That post-trial motion has not yet been fully briefed and remains pending.

Plaintiffs-Appellants' notice of appeal thus "becomes effective . . . when the order disposing of the last such remaining [post-trial] motion is entered." Fed. R. App. P. 4(a)(4)(B)(i). Depending on the resolution of OPTO's pending post-trial motion, OPTO may also file its own notice of appeal, for which the time to file "runs . . . from the entry of the order disposing of the last such remaining [post-trial] motion." Fed. R. App. P 4(a)(4)(A). Thus, it would be premature to litigate this appeal, and there is

good cause to hold it in abeyance under Fourth Circuit Rule 12(d) until the

post-trial motion is resolved.

Dated: September 8, 2023             Respectfully submitted,


                                     /s/ Brian D. Schmalzbach

                                     Brian D. Schmalzbach
                                     MCGUIREWOODS LLP
                                     Gateway Plaza
                                     800 East Canal Street
                                     Richmond, VA 23219
                                     (804) 775-4746
                                     bschmalzbach@mcguirewoods.com

                                     *Counsel for OPTO Electronics Co., Ltd.*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 232 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point Book Antiqua font using Microsoft Word.

*/s/ Brian D. Schmalzbach*
Brian D. Schmalzbach

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023, the foregoing was filed with

the Clerk of the United States Court of Appeals for the Fourth Circuit using

the appellate CM/ECF system, which will also serve counsel of record.

*/s/ Brian D. Schmalzbach*
Brian D. Schmalzbach