No. 23-1850

IN THE
**UNITED STATES COURT OF APPEALS**
FOR THE FOURTH CIRCUIT

HONEYWELL INTERNATIONAL INC.; HAND HELD PRODUCTS, INC.;
METROLOGIC INSTRUMENTS, INC.,

*Plaintiffs-Appellants,*

*v.*

OPTO ELECTRONICS CO., LTD.,

*Defendant-Appellee.*

───────────────────────────

**On Appeal from the United States District Court
for the Western District of North Carolina
Case No. 3:21-cv-506-KDB-DCK**

**STATUS REPORT REGARDING POST-TRIAL MOTIONS**

M. Scott Stevens
S. Benjamin Pleune
Stephen R. Lareau
ALSTON & BIRD LLP
1120 South Tryon Street, Ste. 300
Charlotte, NC 28203
(704) 444-1000

*Attorneys for Appellants
Honeywell International Inc.;
Hand-Held Products, Inc.; and
Metrologic Instruments, Inc.*

October 3, 2023

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1850__    Caption: Honeywell International Inc., et al v. OPTO Electronics Co., Ltd.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Honeywell International Inc.
(name of party/amicus)

who is ____appellant____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☑ YES ☐ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

12/01/2019 SCC                                    - 1 -

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: M. Scott Stevens     Date: 10/3/2023

Counsel for: Appellants

- 2 -

Print to PDF for Filing

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1850__     Caption: Honeywell International Inc., et al v. OPTO Electronics Co., Ltd.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Hand Held Products, Inc.
(name of party/amicus)

_____

who is ____appellant____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:
   Honeywell International Inc.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☑ YES ☐ NO
   If yes, identify all such owners:
   Honeywell International Inc.

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: M. Scott Stevens                    Date: 10/3/2023

Counsel for: Appellants

- 2 -

Print to PDF for Filing

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-1850__    Caption: Honeywell International Inc., et al v. OPTO Electronics Co., Ltd.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Metrologic Instruments, Inc.
(name of party/amicus)

_____

who is ____appellant____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☑ YES ☐ NO
   If yes, identify all parent corporations, including all generations of parent corporations:
   Honeywell International Inc.

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☑ YES ☐ NO
   If yes, identify all such owners:
   Honeywell International Inc.

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: M. Scott Stevens                    Date: 10/3/2023

Counsel for: Appellants

- 2 -

Print to PDF for Filing

Appellants Honeywell International Inc., Hand Held Products, Inc., and Metrologic Instruments, Inc. (collectively, "Honeywell") file this Status Report regarding the resolution of post-trial motions by the District Court.

The District Court entered judgment on July 20, 2023. On August 3, 2023, Honeywell filed a Motion for Fees and Costs. On August 17, 2023, OPTO filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50 and, in the alternative, for a new trial under Rule 59. On September 8, 2023, OPTO filed an unopposed Motion to Hold Appeal in Abeyance Pending Resolution of Post-Trial Motion. Doc. 17. This Court issued an Order suspending the briefing schedule on September 11, 2023. Doc. 18. On October 2, 2023, this Court issued an Order that the parties shall notify the court immediately when the District Court has ruled on the pending motions. Doc. 19. The District Court denied both parties' post-trial motions on September 27, 2023.

On October 2, 2023, Honeywell filed an Amended Notice of Appeal. On October 3, 2023, this Court entered a Briefing Order in this matter. Doc. 20. Honeywell understands this Briefing Order moots the need for any further status reports.

OPTO has indicated that it intends to wait to file its potential cross Notice of Appeal. Nonetheless, Honeywell expects to file its principal brief in accordance with the current Briefing Order and may choose to self-expedite the briefing schedule by

filing ahead of the deadline, along with a request that OPTO's responsive brief (or principal and responsive brief as the case may be) be due within 30 days from the filing of Honeywell's principal brief.

Dated: October 3, 2023                    Respectfully submitted,

/s/ *M. Scott Stevens*
M. Scott Stevens
S. Benjamin Pleune
Stephen R. Lareau
Brandon Springer
Nicholas C. Marais
Lauren N. Griffin
ALSTON & BIRD LLP
1120 South Tryon Street, Ste. 300
Charlotte, NC 28203
(704) 444-1000

*Attorneys for Appellants Honeywell International Inc.; Hand-Held Products, Inc.; and Metrologic Instruments, Inc.*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 273 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point font using Microsoft Word.

*/s/M. Scott Stevens*
M. Scott Stevens

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 3, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which will also serve all counsel of record.

*/s/M. Scott Stevens*
M. Scott Stevens
