# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 23-2038 Honeywell Int'l Inc., et al. v. OPTO Elecs. Co., Ltd. |
| **Originating No. & Caption** | 3:21-cv-00506 Honeywell Int'l Inc., et al. v. OPTO Elecs. Co. |
| **Originating Court/Agency** | U.S. District Court for the Western District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 09/27/2023 | |
| Date notice of appeal or petition for review filed | 10/04/2023 | |
| If cross appeal, date first appeal filed | 08/14/2023 | |
| Date of filing any post-judgment motion | 08/03/2023; 08/17/2023 | |
| Date order entered disposing of any post-judgment motion | 09/27/2023 | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ⦿ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ⦿ Yes | ○ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ⦿ Yes | ○ No |
| Has transcript been filed in district court? | ⦿ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 23-1850 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⦿ Yes | ○ No |
| Does case involve question of first impression? | ⦿ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Honeywell International, Inc., Hand Held Products, Inc., and Metrologic Instruments, Inc. (together, "Honeywell") filed a breach of contract action against OPTO Electronics Co. Ltd for breach of a License and Settlement Agreement (the "Agreement") that settled prior patent infringement disputes between the parties regarding OPTO's barcode scanning products.<br><br>Honeywell claimed OPTO breached Section 5.1 and Section 4.3 of the Agreement by selling laser-equipped barcode scanning products that could read certain barcodes without paying Honeywell a patent royalty. OPTO's full and timely payment of royalties on the sales of its camera-equipped barcode scanning products was not in dispute. Honeywell however maintained the laser-equipped products OPTO sold were royalty-bearing "2D Barcode Products" under the Agreement, while OPTO maintained those same products were non-royalty-bearing "1D Barcode Products" subject to the Agreement's covenant not to sue. OPTO also maintained that Honeywell's royalty demands based solely on non-patented features of the products constitute impermissible patent misuse, which was tried during a bench trial. OPTO lost that trial and timely appealed. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Did OPTO breach in light of the Second Amendment to the Agreement pre-dating the present dispute, wherein Honeywell expressly agreed that it "understands" that OPTO's represented sales numbers constituted the entirety of its "2D Barcode Product" sales, while fully informed that the sales numbers included only sales of OPTO's camera-equipped scanning products and did not include sales of OPTO's laser-equipped scanning products?<br><br>2. Is Honeywell estopped from taking inconsistent positions when, prior to the present dispute, it took the position that OPTO's laser-equipped scanning products are non-royalty bearing 1D Barcode Products when signing the Second Amendment and settling the parties' European litigations but then later took the position that those same products are royalty-bearing 2D Barcode Products after obtaining the benefit of the European settlement?<br><br>3. Was OPTO unilaterally mistaken about the application of the Agreement's definition of "2D Barcode Products" to OPTO's laser-equipped scanning products and did Honeywell know of that mistaken understanding and remain silent? |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Honeywell International Inc.; Hand Held Products, Inc.; Metrologic Instruments, Inc.<br>Attorney: M. Scott Stevens<br>Address: Alston & Bird LLP<br>1120 S. Tryon Street, Suite 300<br>Charlotte, NC 28203<br><br>E-mail: scott.stevens@alston.com<br>Phone: 704-444-1025 | Adverse Party: Honeywell International Inc.; Hand Held Products, Inc.; Metrologic Instruments, Inc.<br>Attorney: S. Benjamin Pleune<br>Address: Alston & Bird LLP<br>1120 S. Tryon Street, Suite 300<br>Charlotte, NC 28203<br><br>E-mail: ben.pleune@alston.com<br>Phone: 704-444-1098 |
| **Adverse Parties (continued)** ||
| Adverse Party: Honeywell International Inc.; Hand Held Products, Inc.; Metrologic Instruments, Inc.<br>Attorney: Stephen R. Lareau<br>Address: Alston & Bird LLP<br>1120 S. Tryon Street, Suite 300<br>Charlotte, NC 28203<br><br>E-mail: stephen.lareau@alston.com<br>Phone: 704-444-1083 | Adverse Party: Honeywell International Inc.; Hand Held Products, Inc.; Metrologic Instruments, Inc.<br>Attorney: Brandon Springer<br>Address: Alston & Bird LLP<br>1120 S. Tryon Street, Suite 300<br>Charlotte, NC 28203<br><br>E-mail: brandon.springer@alston.com<br>Phone: 704-444-1007 |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: OPTO Electronics Co., Ltd.<br><br>Attorney: Brian D. Schmalzbach<br>Address: McGuireWoods LLP<br>  Gateway Plaza<br>  800 East Canal Street<br>  Richmond, VA 23219<br><br>E-mail: bschmalzbach@mcguirewoods.com<br><br>Phone: 804-775-4746 | Name: OPTO Electronics Co., Ltd.<br><br>Attorney: Robert A. Muckenfuss<br>Address: McGuireWoods LLP<br>  201 N. Tryon Street, Suite 3000<br>  Charlotte, NC 28202<br><br>E-mail: rmuckenfuss@mcguirewoods.com<br><br>Phone: 704-343-2351 |
| **Appellant (continued)** ||
| Name: OPTO Electronics Co., Ltd.<br><br>Attorney: Zachary L. McCamey<br>Address: McGuireWoods LLP<br>  201 N. Tryon Street, Suite 3000<br>  Charlotte, NC 28202<br><br>E-mail: zmccamey@mcguirewoods.com<br><br>Phone: 704-343-2070 | Name: OPTO Electronics Co., Ltd.<br><br>Attorney: Jessica L. O'Brien<br>Address: McGuireWoods LLP<br>  201 N. Tryon Street, Suite 3000<br>  Charlotte, NC 28202<br><br>E-mail: jobrien@mcguirewoods.com<br><br>Phone: 704-343-2395 |

Signature: /s/ Brian D. Schmalzbach     Date: 10/24/2023

Counsel for: OPTO Electronics Co., Ltd.

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |

Signature:      Date:

**Nature of Case, continued**

The Court granted summary judgment for OPTO on Honeywell's Section 5.1 claim because Honeywell failed to comply with the Section 5.1's audit requirements. The Section 4.3 claim was tried to a jury, which returned a verdict in Honeywell's favor. OPTO timely appealed.

**Issues, continued**

4. Did the district court err in concluding that Honeywell's actions do not constitute *per se* patent misuse?

5. Did the district court err in failing to interpret the Agreement's three-sentence definition of "2D Barcode Products" as a whole while instead concluding that the first sentence of the Agreement's definition alone unambiguously defines the scope of royalty-bearing "2D Barcode Products" where a material term in the first sentence is not defined anywhere in the Agreement and the district court conducted a jury trial and admitted extrinsic evidence to determine the meaning of the undefined term?

**Adverse Parties, continued**

Lauren N. Griffin
Alston & Bird LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203
Email: lauren.griffin@alston.com
Telephone: 704-444-1059

Nicholas C. Marais
Alston & Bird LLP
1120 S. Tryon Street, Suite 300
Charlotte, NC 28203
Email: nic.marais@alston.com
Telephone: 704-444-1283