**No. 23-1850L, -2038**

IN THE
# UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

HONEYWELL INTERNATIONAL INC.; HAND HELD PRODUCTS, INC.;
METROLOGIC INSTRUMENTS, INC.,

*Plaintiffs-Appellants,*

*v.*

OPTO ELECTRONICS CO., LTD.,

*Defendant-Appellee*.

_____

**On Appeal from the United States District Court
for the Western District of North Carolina
Case No. 3:21-cv-506-KDB-DCK**

**PLAINTIFFS-APPELLANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER THE APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

M. Scott Stevens
Kirk T. Bradley
S. Benjamin Pleune
ALSTON & BIRD LLP
1120 South Tryon Street, Ste. 300
Charlotte, NC 28203
(704) 444-1000
*Attorneys for Plaintiffs-Appellants
Honeywell International Inc.;
Hand-Held Products, Inc.; and
Metrologic Instruments, Inc.*

November 13, 2023

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 3

    I.    Because OPTO's Counterclaim Of Patent Unenforceability And Patent Misuse Arises Under The Patent Laws, The Federal Circuit Has Exclusive Jurisdiction Over These Appeals. ...................................................................................... 3

        A.    The Parties Agree That OPTO's Patent Unenforceability and Patent Misuse Counterclaim Is a Compulsory Counterclaim. ....................................................... 3

        B.    OPTO's Patent Unenforceability and Patent Misuse Counterclaim Arises Under the Patent Laws. ............................. 4

    II.   This Court Should Dismiss the Appeals or, in the Alternative, Transfer Them to the Federal Circuit. ................................ 9

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*,
　325 F.3d 903 (7th Cir. 2003) .......................................................................... 9

*Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel.*,
　414 F.3d 1358 (Fed. Cir. 2005) ................................................................. 2, 7

*Biotechnology Indus. Org. v. District of Columbia*,
　496 F.3d 1362 (Fed. Cir. 2007) .................................................................... 7

*C.R. Bard, Inc. v. M3 Sys.*,
　157 F.3d 1340 (Fed. Cir. 1998) ................................................................. 2, 7

*Christianson v. Colt Industries Operating Corp.*,
　486 U.S. 800 (1988) .............................................................................*passim*

*Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Tr.*,
　463 U.S. 1 (1983) ........................................................................................... 5

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*,
　535 U.S. 826 (2002) ....................................................................................... 5

*Kimble v. Marvel Entm't, LLC*,
　576 U.S. 446 (2015) ....................................................................................... 8

*Lab Corp. of Am. Holdings v. Metabolite Labs., Inc.*,
　599 F.3d 1277 (Fed. Cir. 2010) ................................................................. 2, 7

*McCook Metals LLC v. Alcoa, Inc.*,
　249 F.3d 330 (4th Cir. 2001) ........................................................................ 9

*Pratt v. Paris Gas Light & Coke Co.*,
　168 U.S. 255 (1897) ....................................................................................... 6

*Qualcomm Inc. v. Broadcom Corp.*,
　548 F.3d 1004 (Fed. Cir. 2008) .................................................................... 8

*South Corp. v. U.S.*,
   690 F.2d 1368 (Fed. Cir. 1982) (en banc) ............................................................1

*Teradata Corp. v. SAP SE*,
   2023 U.S. App. Lexis 19721 (Fed. Cir. Aug. 1, 2023).........................................5

*U.S. Philips Corp. v. ITC*,
   424 F.3d 1179 (Fed. Cir. 2005) ............................................................................8

*Westlake Servs., LLC v. Credit Acceptance Corp.*,
   800 F. App'x 505 (9th Cir. 2020) .........................................................................9

*Xitronix Corp. v. KLA-Tencor Corp.*,
   916 F.3d 429 (5th Cir. 2019) ................................................................................9

**Statutes**

28 U.S.C. § 1291 ........................................................................................................3

28 U.S.C. § 1295 ................................................................................................3, 5, 7

28 U.S.C. § 1295(a)(1)......................................................................................1, 4, 5, 9

35 U.S.C. § 271(d) .....................................................................................................8

Leahy-Smith America Invents Act (125 Stat. 284) ...................................................5

# INTRODUCTION

Plaintiffs-Appellants (collectively, "Honeywell") respectfully request that this Court dismiss their appeal and the cross-appeal filed by Defendant-Appellee OPTO Electronics Co., Ltd. ("OPTO"), or, in the alternative, transfer the parties' appeals to the U.S. Court of Appeals for the Federal Circuit.

Under 28 U.S.C. § 1295(a)(1), the Federal Circuit has exclusive jurisdiction over an appeal from a district court in "any civil action in which a party has asserted a compulsory *counterclaim* arising under[] any Act of Congress relating to patents." *Id*. (emphasis added). In the underlying district court action, OPTO asserted a patent-based compulsory counterclaim against Honeywell: "**COUNT II: DECLARATION OF PATENT UNENFORCEABILITY – PATENT MISUSE**." Ex. A (OPTO's Answer, Affirmative Defenses, and Counterclaims), pp. 28–30. The parties agree that OPTO's counterclaim was compulsory, leaving as the only dispute whether OPTO's claim for patent unenforceability based on patent misuse "aris[es] under[] any Act of Congress relating to patents." If it does, the parties agree that the Federal Circuit has exclusive jurisdiction over the parties' appeals under section 1295(a)(1). *See South Corp. v. U.S.*, 690 F.2d 1368, 1371 (Fed. Cir. 1982) (en banc) (the Federal Circuit was "created and chartered with the hope and intent that stability and uniformity would be achieved" with respect to the patent laws).

OPTO's claim for patent unenforceability based on patent misuse falls squarely under the Patent Act (35 U.S.C. § 1, *et seq*.). As the Federal Circuit has held, "issues of inventorship, infringement, validity and *enforceability* present sufficiently substantial questions of federal patent law to support jurisdiction" in the Federal Circuit. *Lab Corp. of Am. Holdings v. Metabolite Labs., Inc.*, 599 F.3d 1277, 1283 (Fed. Cir. 2010) (emphasis added) (quoting *Bd. of Regents, Univ. of Tex. Sys. v. Nippon Tel. & Tel.*, 414 F.3d 1358, 1363 (Fed. Cir. 2005)); *see also C.R. Bard, Inc. v. M3 Sys.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) ("[p]atent misuse arises in equity, and a holding of misuse renders the patent unenforceable until the misuse is purged"). Accordingly, the Federal Circuit, rather than this Court, has jurisdiction over the parties' appeals.

For these reasons, explained in more detail below, this Court should dismiss Honeywell's appeal and OPTO's cross-appeal (in favor of the pending, already-docketed Federal Circuit appeal[1]) or, alternatively, transfer the appeals to the Federal Circuit.

---

[1] After the parties filed their appeal and cross-appeal in this Court, OPTO filed its docketing statement identifying its counterclaim for patent unenforceability based on alleged patent misuse as an issue for appeal. *See* Dkt. 27 p. 5 (filed Oct. 24, 2023). Honeywell then appreciated that OPTO's patent-related counterclaim places jurisdiction in the Federal Circuit rather than this Court. Thus, on October 27, 2023, Honeywell filed a Notice of Appeal to the Federal Circuit, and OPTO afterward filed a Notice of Cross-Appeal to the Federal Circuit. The Federal Circuit docketed the appeal on November 2, 2023, and it remains pending.

# ARGUMENT

**I. Because OPTO's Counterclaim Of Patent Unenforceability And Patent Misuse Arises Under The Patent Laws, The Federal Circuit Has Exclusive Jurisdiction Over These Appeals.**

Subject to certain exceptions, this Court has general appellate jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. One of the exceptions is subject matter reserved for the Federal Circuit. Under section 1295, the Federal Circuit has exclusive jurisdiction "of an appeal from a final decision of a district court of the United States . . . in any civil action arising under, or in any civil action in which a party has asserted a compulsory counterclaim arising under, any Act of Congress relating to patents." As explained below, OPTO's counterclaim was both compulsory and arises under the Patent Act, thus placing exclusive jurisdiction in the Federal Circuit.

**A. The Parties Agree That OPTO's Patent Unenforceability and Patent Misuse Counterclaim Is a Compulsory Counterclaim.**

In the underlying litigation, Honeywell filed a Complaint asserting that OPTO breached a patent license and settlement agreement the parties had executed in 2020. The agreement ended a dispute over OPTO's infringement of a series of Honeywell patents. In response to the Complaint alleging breach of the agreement, OPTO asserted certain defenses and counterclaims, including a counterclaim seeking a "Declaration of Patent Unenforceability – Patent Misuse." Ex. A pp. 28–30. As part of that counterclaim, OPTO sought "a declaration that [Honeywell's] licensed patents

3

under the Agreement are unenforceable due to Honeywell's patent misuse." *Id.* p. 29. Because the facts underlying OPTO's patent unenforceability/misuse claim involved the same facts (*i.e.*, the same "transaction or occurrence" under Rule 13(a), Fed. R. Civ. P.) underlying Honeywell's breach claim, OPTO's counterclaim was compulsory. OPTO has conveyed that it agrees that its patent unenforceability and patent misuse counterclaim was compulsory.[2]

### B. OPTO's Patent Unenforceability and Patent Misuse Counterclaim Arises Under the Patent Laws.

Because OPTO's counterclaim was admittedly compulsory, the Federal Circuit has jurisdiction in these appeals if the counterclaim "aris[es] under[] any Act of Congress relating to patents." 28 U.S.C. § 1295(a)(1). In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court outlined the test for determining whether a case "arises under" the federal Patent Act. The Court held that the Federal Circuit's exclusive jurisdiction encompasses cases in which the well-pleaded[3] claim "establishes either that federal patent law creates the cause of action

---

[2] During the parties' meet-and-confer for this Motion, OPTO's counsel confirmed there is no dispute that OPTO's counterclaim was compulsory. The opposition to this Motion rests on OPTO's view that its counterclaim for patent unenforceability based on patent misuse does not "arise under" the Patent Act.

[3] As noted in *Christianson*, "[u]nder the well-pleaded complaint rule, . . . whether a claim 'arises under' patent law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the

4

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 808.

At the time of *Christianson*, the jurisdictional statute for the Federal Circuit—section 1295—referred to section 1338, which provided that "district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents." In 2011, Congress passed the Leahy-Smith America Invents Act (125 Stat. 284). The Act amended section 1295 to incorporate the language from section 1338, and at the same time added that the Federal Circuit's jurisdiction equally encompasses compulsory counterclaims.[4]

Therefore, applying the *Christianson* test for jurisdiction under section 1295(a)(1) as amended by the America Invents Act, OPTO's counterclaim "arises under" the patent laws if, as pertinent here, OPTO's right to relief "necessarily depends on resolution of a substantial question of federal patent law, in that patent

---

defendant may interpose.'" 486 U.S. at 809 (quoting *Franchise Tax Bd. of Calif. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 10 (1983)).

[4] Congress's decision to encompass compulsory counterclaims abrogated the Supreme Court's holding in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002), that a compulsory patent-related counterclaim fell outside section 1295(a)(1) as then written. *See, e.g.*, *Teradata Corp. v. SAP SE*, 2023 U.S. App. Lexis 19721, at *23 (Fed. Cir. Aug. 1, 2023) ("Congress added [the 'compulsory counterclaim'] clause to § 1295(a)(1) through the America Invents Act in 2011, abrogating the Supreme Court's holding in *Holmes Group* . . . .").

5

law is a necessary element of" the well-pleaded claim. *Christianson*, 486 U.S. at 808; *see also id.* at 807–08 ("we held long ago that in order to demonstrate that a case is one 'arising under' federal patent law 'the plaintiff must set up some right, title or interest under the patent laws, or at least make it appear that some right or privilege will be defeated by one construction, or sustained by the opposite construction of these laws'" (quoting *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259 (1897))).

OPTO's counterclaim satisfies the *Christianson* test. Foremost, OPTO's own label for the counterclaim—"Count II: Declaration of Patent Unenforceability – Patent Misuse" (Ex. A p. 28)—confirms that the claim is grounded in patent law and implicates patent law issues such that "patent law is a necessary element" of the claim. *Christianson*, 486 U.S. at 808. Additionally, the substance of OPTO's allegations confirms the same point. In its counterclaim, OPTO alleged entitlement "to a declaration that the licensed patents under the Agreement are unenforceable due to Honeywell's patent misuse." Ex. A p. 29. OPTO further asserted an anticompetitive effect and unreasonable restraint on trade "resulting from that patent misuse to the benefit of Honeywell." *Id.*; *see also id.* (alleging "misuse of the licensed patents"). In OPTO's prayer for relief, OPTO asked the district court to declare "that the licensed patents under the Agreement are unenforceable due to patent misuse." *Id*. p. 32.

6

The Federal Circuit has squarely and repeatedly held that claims relating to patent unenforceability involve questions of patent law and thus fall within its exclusive jurisdiction. For example, in *Lab Corp.*, the Federal Circuit reiterated its established holding "that issues of inventorship, infringement, validity and *enforceability* present sufficiently substantial questions of federal patent law to support jurisdiction under [the predecessor jurisdictional statute,] section 1338(a)." 599 F.3d at 1283 (emphasis added) (quoting *Bd. of Regents*, 414 F.3d at 1363); *see also, e.g.*, *Biotechnology Indus. Org. v. District of Columbia*, 496 F.3d 1362, 1367 (Fed. Cir. 2007) (stating that "the typical questions of patent law—infringement, validity, *enforceability*, and the like" are questions that the Federal Circuit "reviews under [its] jurisdictional statute (28 U.S.C. § 1295)" (emphasis added)). Thus, OPTO's claim for patent unenforceability falls squarely within the Federal Circuit's exclusive jurisdiction.

To be sure, OPTO premised its unenforceability claim on alleged patent misuse, which underscores the Federal Circuit's exclusive jurisdiction over the parties' appeals. For example, in *C.R. Bard*, the Federal Circuit explained that "patent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to coerce an unfair commercial advantage." 157 F.3d at 1372; *see also, e.g.*, *id.* ("[p]atent misuse arises in equity, and a holding of misuse renders the patent unenforceable until the misuse is purged"); *Qualcomm*

7

*Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025 (Fed. Cir. 2008) (referring to "the remedy of unenforceability based on post-issuance patent misuse"). Similarly, the Supreme Court has observed that questions of patent misuse arise under the patent laws. *See Kimble v. Marvel Entm't, LLC*, 576 U.S. 446, 463 (2015) (concluding that questions of patent misuse by contracting for royalty payments beyond the patent term, as the Supreme Court had addressed in a prior decision (*Brulotte*), involve "deciding whether post-expiration royalties *comport with patent law*" and concern matters of "patent policy" (emphasis added)).

      Whether a party has a right to relief based on a claim of patent misuse resulting in alleged patent unenforceability thus "necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of" the well-pleaded claim. *Christianson*, 486 U.S. at 808. Placing jurisdiction in the Federal Circuit matches Congress's intent, where the bounds of patent misuse are expressly codified in the Patent Act. In *U.S. Philips Corp. v. ITC*, 424 F.3d 1179, 1186 (Fed. Cir. 2005), the Federal Circuit explained that, "[i]n 35 U.S.C. § 271(d), Congress designated several specific practices as not constituting patent misuse." In that statutory provision, Congress made clear that no patent owner would be "deemed guilty of misuse or illegal extension of the patent right by reason of his having done [certain acts]." 35 U.S.C. § 271(d).

8

In the underlying case, OPTO accused Honeywell of attempting to misuse the patents it had licensed to OPTO. OPTO asked the district court to conclude that Honeywell's patents (covering Honeywell's entire patent portfolio, including unexpired, valid patents) are unenforceable. The district court rejected OPTO's claim, but the questions raised by OPTO's claim unquestionably "arise under" the patent laws. Thus, under section 1295(a)(1) and *Christianson*, the Federal Circuit has exclusive jurisdiction over the parties' appeals.

## II. This Court Should Dismiss the Appeals or, in the Alternative, Transfer Them to the Federal Circuit.

Appellate Courts, including this Court, often dismiss or transfer cases when jurisdiction lies with another court. *See, e.g.*, *Westlake Servs., LLC v. Credit Acceptance Corp.*, 800 F. App'x 505, 508 (9th Cir. 2020); *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429 (5th Cir. 2019); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903 (7th Cir. 2003). For example, this Court transferred a case to the Federal Circuit where the underlying issue related to patent law, thus dictating that the appeal "must go to the Federal Circuit." *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 333 (4th Cir. 2001).

The same approach is appropriate here. As explained above, section 1295(a)(1) places exclusive jurisdiction in the Federal Circuit through OPTO's compulsory counterclaim for "Patent Unenforceability – Patent Misuse." Because the parties have already filed a Notice of Appeal and Notice of Cross-Appeal in the Federal Circuit

9

(which has already docketed the appeal), dismissal of the appeals in this Court is appropriate. In the alternative, this Court should transfer these appeals to the Federal Circuit so that they may be consolidated with the appeal pending in the Federal Circuit.

## CONCLUSION

For the foregoing reasons, Honeywell asks this Court to dismiss the parties' appeals in this Court or, in the alternative, transfer the appeals to the Federal Circuit.

Dated: November 13, 2023

SUBMITTED BY:

*/s/ M. Scott Stevens*
M. Scott Stevens
Kirk T. Bradley
S. Benjamin Pleune
Stephen R. Lareau
Brandon Springer
Nicholas C. Marais
Lauren N. Griffin

ALSTON & BIRD LLP
1120 South Tryon Street, Ste. 300
Charlotte, NC 28203
(704) 444-1000

*Attorneys for Appellants Honeywell International Inc.; Hand-Held Products, Inc.; and Metrologic Instruments, Inc.*

10

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 2,261 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface and type-style requirements of Fed. R. App. 32(a)(5) and Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, 14-point, plain and roman style font using Microsoft word.

*/s/ M. Scott Stevens*
M. Scott Stevens

# LOCAL RULE 27(a) STATEMENT

1. Pursuant to Local Rule 27(a), Honeywell confirms that it informed counsel for OPTO of this motion. OPTO indicated that it opposes the relief sought in this motion and intends to file a response in opposition.

*/s/ M. Scott Stevens*
M. Scott Stevens


## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit using the CM/ECF system, which serves all counsel of record.

*/s/ M. Scott Stevens*
M. Scott Stevens